UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23247-CIV-MORENO

ANTHONY G. SCLAR, DMD, and SCLAR
ORAL SURGERY, P.A.,

       Plaintiffs,

vs.

OSTEOMED, L.P.,

       Defendant.
_____/

## ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

### I. Background

This purported class action case arises out of the use of an allegedly defective drill known as the OsteoPower System, a rotary bone cutting drill manufactured by Defendant OsteoMed, L.P. Plaintiffs Anthony G. Sclar, DMD, an oral surgeon of nearly twenty-six years, and Sclar Oral Surgery, P.A. allege that the drill emits dangerous levels of noise that result in permanent hearing loss to the user. The Amended Complaint states that Plaintiffs purchased the drill from Defendant, but does not allege a date of purchase. Instead, Plaintiffs allege that Dr. Sclar was diagnosed with hearing loss in August 2016, which is when Plaintiffs first learned the product was not as represented.

Importantly, the Amended Complaint makes clear that this is not a personal injury case and Plaintiffs do not seek damages for any personal injuries suffered. Rather, Plaintiffs seek damages for economic harm suffered as a result of purchasing the allegedly defective drill. The purported class members include all Florida individuals or entities that purchased the drill from August 28, 2013 to the present. The Amended Complaint includes three counts. Count I is for a

violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-501.213, Fla. Stat. Count II is a breach of express warranty claim under Florida law. Count III is a claim for common law assumpsit (unjust enrichment). This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Analysis

Defendants move to dismiss with three principal arguments. First, the breach of express warranty claim (Count II) fails because Plaintiffs failed to comply with the pre-suit notice requirement under Florida law. Second, the Florida Deceptive and Unfair Trade Practices Act claim (Count I) is barred: (a) by the four-year statute of limitation; (b) because Plaintiffs fail to

2

identify a deceptive or unfair practice that could not have reasonably been avoided; and (c) because it does not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Third, the claim for common law assumpsit fails because it seeks recovery for the same conduct as the breach of express warranty claim.

A.   **Breach of Express Warranty (Count II)**

Defendant argues that Plaintiffs' breach of express warranty claim is barred by Plaintiffs' failure to provide pre-suit notice as required by Florida law. Under Florida law, in order to recover for a claim of breach of express warranty, "[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Fla. Stat. § 672.607(3)(a); *see also Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011) (granting motion to dismiss breach of express warranty claim where plaintiff did not "allege that he ever notified Defendants of the alleged breach of a warranty"). Plaintiffs counter that pre-suit notice was unnecessary because the notice requirement does not extend to Dr. Sclar as a "warranty beneficiary" under Florida Statute 672.318. Florida Statute 672.318 provides:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his or her buyer, who is a guest in his or her home or who is an employee, servant or agent of his or her buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude nor limit the operation of this section.

*See also Carlson v. Armstrong World Indus., Inc.*, 693 F. Supp. 1073, 1078 (S.D. Fla. 1987) ("The notice requirement does not, under Florida law, extend to persons such as plaintiff who are not "buyers" of the product in question, but are rather warranty beneficiaries under Florida Statute § 672.318.") (Hoeveler, J.).

3

Plaintiffs raise this "warranty beneficiary" theory, for the first time, in their Response in opposition to Defendant's Motion to Dismiss. *See* D.E. 26 at 3 ("Here, the drill was purchased for Plaintiff Anthony G. Sclar's dental practice, not for his individual use. If he is a warranty beneficiary, the alleged failure to give notice does not support a motion to dismiss, at least as to his claims."). Notably, the terms "beneficiary," "warranty beneficiary," "warranty beneficiaries," or "672.318" do not appear in the Amended Complaint. Courts "cannot rely on factual allegations in a response to a motion to dismiss when considering the sufficiency of the complaint itself." *Jepsen v. Lornamead, Inc.*, No. 8:12-CV-1811-T-30TGW, 2012 WL 5989244, at *3 n.2 (M.D. Fla. Nov. 29, 2012); *see also Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (finding the plaintiff's argument, which was raised for the first time in his response to the defendant's motion to dismiss, improper because the plaintiff did not seek leave to file an amended complaint).

Notwithstanding this tardy attempt, the newfound allegation that Dr. Sclar is a warranty beneficiary, wholly contradicts the allegations in the Amended Complaint, where Plaintiffs allege nearly a dozen times that Plaintiffs[1] "purchased" the drill. *E.g.*, D.E. 20 at ¶ 13 ("Plaintiffs purchased the OsteoPower System from Defendant."). Accordingly, the Court finds that Plaintiffs' ninth inning attempt to recast Dr. Sclar as a warranty beneficiary is untimely. Thus, because the Amended Complaint does not allege that Plaintiffs complied with Florida's pre-suit notice requirement, Plaintiffs have failed to state a claim for breach of express warranty and Count II is dismissed without prejudice.

---

[1] The Amended Complaint is replete with references to "Plaintiffs" as Anthony G. Sclar, DMD and Sclar Oral Surgery, P.A.

4

B. **Florida Deceptive and Unfair Trade Practices Act (Count I)**

Defendant argues the Florida Deceptive and Unfair Trade Practices Act claim (Count I) is barred: (1) by the four-year statute of limitation; (2) because Plaintiffs fail to identify a deceptive or unfair practice that could not have reasonably been avoided; and (3) because it does not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.

1. **Statute of Limitation**

Defendant argues that the Florida Deceptive and Unfair Trade Practices Act claim may be barred by the four year statute of limitation. *See* Fla. Stat. § 95.11(3)(f) (providing a four year statute of limitation for claims founded on a statutory liability); *Speier-Roche v. Volkswagen Grp. Of Am.*, No. 14-20107-CIV, 2014 WL 1745050, at *6-7 (S.D. Fla. Apr. 30, 2014) (applying a four year statute of limitation under Florida Statute 95.11(3)(f) for claims brought pursuant to the Florida Deceptive and Unfair Trade Practices Act) (Moreno, J.). Plaintiff counters that the claim is not time barred because the statute of limitation begins to run when the last element constituting the cause of action occurs. A plaintiff must establish three elements to assert a Florida Deceptive and Unfair Trade Practices Act claim: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Begualg Inv. Mgmt, Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011). In this case, Plaintiffs suggest the actual damage occurred in August 2016, when Dr. Sclar's hearing injury was diagnosed.

This Court has already rejected that argument. *See Speier-Roche*, 2014 WL 1745050, at *6 (finding that the statute of limitation began to run when the plaintiff leased the vehicle because "[a] FDUTPA claim accrues at the time of purchase or lease of a product, not upon discovery of an alleged defect." (emphasis added)) (Moreno, J.). The delayed discovery rule,

5

which provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious acts giving rise to the cause of action, does not apply in Florida Deceptive and Unfair Trade Practices Act cases. *Id.*

The Amended Complaint does not allege a date on which the drill was purchased. Accordingly, because the Court cannot ascertain such date, the Court grants Defendant's Motion to Dismiss, but provides Plaintiffs with leave to amend. Plaintiffs shall file a Second Amended Complaint no later than January 31, 2018. Plaintiffs shall add <u>solely</u> two allegations to their Second Amended Complaint: (1) which Plaintiff purchased the drill and (2) the specific date the drill was purchased.

### C. Unjust Enrichment (Count III)

Defendants argue that the unjust enrichment claim should be dismissed because it seeks recovery for the same alleged wrongful conduct as the breach of express warranty claim. Plaintiff counters that Federal Rule of Civil Procedure 8 authorizes a plaintiff to plead causes of action in the alternative. The Court agrees. At this stage, Plaintiffs may maintain an unjust enrichment claim in the alternative to their breach of express warranty claim. *See, e.g., Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1227-28 (S.D. Fla. 2013); Federal Rules of Civil Procedure 8(a) and 8(d)(2) (permitting pleading in the alternative). At this juncture, the Court's obligation is to view the well-pleaded allegations in the Amended Complaint in the light most favorable to Plaintiffs, and determine if the four corners plausibly state an entitlement to relief. *See Iqbal*, 129 S. Ct. at 1950. In view of that, the Court dismissed *supra* Plaintiffs' breach of express warranty claim for failure to comply with pre-suit notice as required by Florida law. Thus, viewing the well-pleaded allegations in the light most favorable to Plaintiffs, the Court denies Defendant's Motion to Dismiss Count III.

## IV. Conclusion

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED-IN-PART and DENIED-IN-PART**:

1. Defendant's Motion to Dismiss Count I is GRANTED and Count I is DISMISSED WITHOUT PREJUDICE with leave to file a Second Amended Complaint no later than **January 31, 2018**. Plaintiffs shall add solely two allegations to their Second Amended Complaint: (1) which Plaintiff purchased the drill and (2) the specific date the drill was purchased.

2. Defendant's Motion to Dismiss Count II is GRANTED and Count II is DISMISSED WITHOUT PREJUDICE for failure to comply with the pre-suit notice requirement under Florida law.

3. Defendant's Motion to Dismiss Count III is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record